[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12542
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00118-TWT-LTW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW BENFORD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 19, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Andrew Benford appeals his conviction for knowingly possessing a firearm

and ammunition as a convicted felon. 18 U.S.C. §§ 922(g)(1), 924(a)(2). Benford challenges the denial of his motion for a mistrial. We affirm.

After the government rested its case, Benford moved for a mistrial based on an alleged violation of his right to confront and cross-examine a confidential informant who had identified Benford as a firearms dealer and contacted him on behalf of federal agents. Benford argued that his "understanding from the Government was . . . [it would] call the [informant]" as a witness, but the government instead called Allan McLeod, an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and Stephen McKesey, an investigator with the Atlanta Police Department, to testify about statements that the informant had made to them "related to [Benford's] identity, his selling guns, [and his] ability to sell guns." The district court denied Benford's motion.

The district court did not abuse its discretion when it denied Benford's motion for a mistrial. The statements by the confidential informant to the law enforcement officials were admissible as non-hearsay because the statements were "relevant to explain the course of the officials' subsequent investigative actions." *United States v. Ransfer*, 749 F.3d 914, 925 (11th Cir.), *cert. denied*, 135 S. Ct. 392 (2014). The agents testified that the confidential informant had proved reliable in the past; had identified Benford as a firearms dealer; and had showed McLeod text messages that the informant had exchanged with Benford when arranging to

2

purchase a firearm from him. The government introduced the informant's statements to explain why the agents decided to investigate Benford; how McKesey knew where to meet Benford; and how McKesey knew with whom to transact. And after Benford objected to McLeod's testimony as hearsay, the district court instructed the jury to consider the testimony "for the limited purpose of explaining [McLeod's] conduct and for that reason only."

Even if we were to assume that the district court erred, any error was harmless. McKesey's testimony was sufficient to prove that Benford knowingly possessed a firearm. *See United States v. Gari*, 572 F.3d 1352, 1362–63 (11th Cir. 2009). McKesey purchased a firearm from Benford and positively identified him as the seller during trial.

We **AFFIRM** Benford's conviction.